IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEOFFREY S. WAINSCOTT                                                        PLAINTIFF

v.                                         CIVIL NO. 21-cv-5119

KILOLO KIJAKAZI , Acting Commissioner                                        DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Geoffrey S. Wainscott, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on May 26, 2019. (Tr. 16). In his application, Plaintiff alleged disability beginning on October 1, 2018, due to congestive heart failure, diabetes, obesity, and sleep apnea. (Tr. 10, 196). An administrative hearing was held via telephone on September 21, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 37–70). A vocational expert ("VE") also testified.  (Id.).

On November 18, 2020, the ALJ issued an unfavorable decision. (Tr. 16–28).  The ALJ found that during the relevant time, Plaintiff had the following medically determinable impairments: congestive heart failure, non-ischemic cardiomyopathy, and cardiomegaly status post-automatic implantable cardioverter defibrillator (AICD) implantation, obesity, diabetes

1

mellitus, obstructive sleep apnea, and dorsalgia (back/spine pain). (Tr. 19). The ALJ found Plaintiff's medically determinable impairments did not met or medically equality the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. §404.1567(a), except he could not climb, could only occasionally balance and stoop, could not kneel, crouch, or crawl, and he must avoid concentrated exposure to temperature extremes, humidity, fumes/odors/dusts/gases/poor ventilation, and hazards, including no driving as part of work. (Tr. 20–27).

The ALJ found Plaintiff was unable to perform any of his past relevant work. (Tr. 27). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of document preparer, printed circuit board inspector, or cutter and paster. (Tr. 28). The ALJ found Plaintiff was not disabled from October 1, 2018, through the date of his decision. (Tr. 22). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 15, 18).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). Where there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff the following points on appeal: 1) whether the ALJ erred in his analysis of the medical opinion evidence 2) whether the ALJ erred in relying upon the jobs of document preparer and cutter and paster at step five, as these jobs are obsolete; 3) whether the ALJ erred in assessing Plaintiff's subjective complaints by failing to consider Plaintiff's strong work history; and 4) whether the decision was constitutionally defective as the ALJ and Appeals Council derived their authority from a Commissioner who was not constitutionally appointed. (ECF Nos. 13, 18).

Defendant contends the ALJ did not err in his consideration of treating physician Dr. Keerethy Narisetty's opinion, and appropriately discounted this opinion based upon consistency and supportability. (ECF No. 17, p. 12–13). Defendant also says the ALJ did not err when failing to consider Plaintiff's work history in evaluating his subjective complaints as the ALJ addressed Plaintiff's work history within the decision. (*Id.*, pp. 5–8). The Court has reviewed the entire transcript and the parties' briefs, agreeing with Defendant's assertion that the ALJ's decision in this matter was supported by substantial evidence.

Defendant points out that Plaintiff did not cite binding authority to support the assertion that the ALJ erred in relying upon the VE's testimony and the DOT as these jobs are obsolete. (*Id.*, pp. 16–18). Defendant provides *Kennedy v. Colvin*, 2014 WL 7335539 (W.D. Ark. Dec. 22, 2014), arguing it reflects the controlling authority in the Eighth Circuit. *Kennedy* held that where the SSA relied primarily on the DOT and no other source (such as the O-NET) was discussed at the hearing or in the record, the Court could not consider the outside source(s) Plaintiff proposed as an

alternative. *Id*. Defendant argues this case requires a similar result as Plaintiff did not question the VE at the hearing about the foundation for her testimony and did not present evidence at the administrative level to undermine the reliability of the VE's testimony. While the DOT was last updated in 1991, in *Moore v., Colvin,* 769 F.3d 987, 989 n.2 (8th Cir. 2014), the Eighth Circuit reaffirmed that DOT definitions are "simply generic job descriptions that offer the approximate maximum requirements for each position, rather than their range," noting that Social Security Ruling 00–4p dictates when "'[i]n making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy.'" The Court is thus constrained to find no error in the ALJ's reliance on the DOT.

Finally, Defendant contends Plaintiff's separation of powers argument does not entitle him to remand as Plaintiff failed to illustrate any unconstitutional statutory removal restriction that may have existed which caused him harm. (ECF No. 17, pp. 2–12). The Court agrees as *Collins v. Yellen*, 141 S.Ct. 176 (2021), expressly rejects the argument advanced by Plaintiff.

For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal unpersuasive, concluding the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) district court summarily affirmed the ALJ).

IT IS SO ORDERED this 2nd day of May 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE